## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re | Bankruptcy Case |
| Bank of America, N.A., | No. 11-24503-MER |
|     Alleged Debtor. | Chapter 11 |

### BANK OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, AND ANSWER TO, *PRO SE* PURPORTED INVOLUNTARY PETITION

On Friday night, 34 individuals, acting without a lawyer, filed what purports to be an involuntary bankruptcy petition against Bank of America, N.A. ("Bank of America") (attached as Exhibit 1). The petition has no basis in law or fact and should be immediately dismissed. As a matter of law, a bank cannot be a debtor in an involuntary bankruptcy. 11 U.S.C. § 109(b), 303(a). Indeed, the *pro se* petitioners do not claim otherwise; they did not check the box on their petition that reads: "The debtor is a person against whom an order of relief may be entered under title 11 of the United States Code." Moreover, the *pro se* petitioners' claim that Bank of America owes them any debt not subject to bona fide dispute—much less the $60 million they collectively claim—is frivolous on its face. Although the involuntary petition is frivolous, the consequences of a delay in dismissing the petition are potentially serious, as discussed below. **We therefore respectfully ask that the petition be dismissed immediately, and in any event by no later than the close of business on Monday, June 20, 2011.**

Alleged Debtor Bank of America respectfully submits this Memorandum in support of its Motion, pursuant to Fed. R. Bankr. P. 1011(b) and Fed. R. Civ. P. 12(b)(1) and (6), to dismiss the above-captioned involuntary bankruptcy petition purportedly filed against it by the

Petitioning Creditors.[1]  This Memorandum is also submitted in support of Bank of America's alternative answer to the petition, and Bank of America's motion to dismiss pursuant to 11 U.S.C. § 305, on the ground that the petition has been filed in bad faith.

Bank of America, N.A. is an indirectly held banking subsidiary of Bank of America Corporation.  The Petitioning Creditors identify themselves as members of the "Independent Rights Political Party" or the "Independent Rights Party," each asserting what is described as a claim for "Exemption"—ranging from $1 million to $30 million.  Despite being filed in bankruptcy court, the petition states across the top that it is filed in "Admiralty."  Earlier this year, members of the "Independent Rights Party" filed what purported to be an involuntary bankruptcy petition against the United States Government in the United States Bankruptcy Court for the District of Arizona.  That petition, unsurprisingly, was dismissed, and resulted in an order designating the "purported general partner of the Independent Rights Party as a 'Vexatious Litigant'" and describing the pleadings as "facially baseless and . . . improper."  *See* Order Barring Petitioning Creditors from Filing Involuntary Petitions, Case No. 11-06731 at 5, 6 (Bankr. D. Ariz. May 18, 2011).  The court thus barred those petitioning creditors from making any further involuntary bankruptcy filings in the District of Arizona.[2]

Frivolous as the petition is, however, its consequences are potentially serious.  As is commonplace, various of Bank of America's commercial agreements provide that an involuntary bankruptcy petition, if not promptly dismissed, is an event of default that could give rise to rights

---

[1]      The "Petitioning Creditors" are: David Landon Murphy, Tawny Elan Sharp, Robert J. DeSalvo, Lynne M. DeSalvo, Reynaldo D. Castillo, Alfred Lee Lamb, Gary C. Lamb, David D. Cue, Lorrie L. Cue, Clinton G. McFarlane, Myles Cue, Kimberly M. Cue, Linda D. Williams, "Kenneth Scott Cousens, Trustee", Derek R. Goulette, Steven P. Kelly, Gloria Kelly, Ryan D. Crotts, Sabrina Crotts, Cynthia Canyon, Ken Gordon, Carrie Gordon, James Taylor, Susan Taylor, Jerry Lee Berneathy, Fatana Deralas, Rupert Joseph, Octaviana E. Pichardo, Manuel R. Pichardo, Raymond Coomer, Jody Spehar, Satu Immermann, Nigel P. Rudlin, and Michael Younessi.

[2]      The Petition, Order Dismissing Bankruptcy, and Order Barring Petitioning Creditors from Filing Involuntary Petitions are attached as Exhibits 2-4, respectively.

2

of termination and acceleration.  Moreover, many of Bank of America's commercial agreements are linked by an intricate array of cross-default provisions, under which a default in one agreement may trigger defaults under others.  While Bank of America would certainly take the position that a filing as specious as this purported involuntary petition would not trigger the rights of any counterparty, that is not an argument in which Bank of America should be required to engage. The purported involuntary petition should be dismissed immediately.

## FACTUAL BACKGROUND

1.      The alleged petition.  The alleged involuntary bankruptcy petition was filed with the Office of the Clerk of this Court late in the day on Friday, June 17.[3]

The alleged petition is prepared, as is required, on the Official Form B5, except that the Petitioning Creditors have added language across the top, in capital letters, reading **"IN THE ADMIRALTY."**  The alleged petition is filed under chapter 11, and asserts that the debts are primarily business debts.

In the bottom left corner of the form, under the heading, "Allegations," the Petitioning Creditors have checked box "1," stating that "Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303(b)," and box "3a," stating that "[t]he debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount."  Petitioning Creditors, however, have *not* checked box "2," which states that "[t]he debtor is a person against whom an order for relief may be entered under title 11 of the United States Code."

---

[3]      Although Bank of America is unaware of having received formal service of the summons as required by Rule 1010(a), Bank of America hereby waives the requirement of service in order to expedite consideration of this Motion.

In the subsequent pages, the Petitioning Creditors describe the nature of their claims.  The purported petition contains 25 copies of the second page of the involuntary form—nine of which are executed by what appear to be married couples.  On those forms, 30 of the Petitioning Creditor identify themselves as members of the "Independent Rights Political Party" or the "Independent Rights Party."  One Petitioning Creditor (who describes himself as the party's Chairman) asserts a claim for $30 million.  Another asserts a claim for $5 million, two more assert claims for $2 million.  The remaining 21 claims are each asserted in the amount of $1 million.  Where the form asks the petitioning creditor to set out the nature of the claim, all of the Petitioning Creditors write: "Exemption."[4]

A review of publicly available information reveals that the Independent Rights Party has engaged in similar tactics before.  On March 16, 2011, members of that organization filed what purported to be an involuntary bankruptcy petition against the United States Government in the U.S. Bankruptcy Court of the District of Arizona.  (*See* Exhibit 2).  That petition was dismissed on the ground that, *inter alia*, governmental entities cannot be the subject of involuntary bankruptcy proceedings.  (*See* Exhibit 3).  A subsequent order barred the petitioning creditors in that proceeding from filing further involuntary bankruptcy petitions in the District of Arizona. (*See* Exhibit 4).

---

[4]     Under "type of debtor," the petition checks the boxes both under "Individual" and "Corporation."  Under "nature of business," the petition checks the box "clearing bank"—a box that was added to the official form to conform with the 2000 Amendments to Section 109(b)(2) of the Bankruptcy Code, which provides that clearing banks may become debtors in bankruptcy upon the filing of a petition at the direction of the Board of Governors of the Federal Reserve System.  *See*, 2005-2007 Official Form Committee Notes, available at: www.uscourts.gov/uscourts/RulesAndPolicies/rules/BK_Forms_1207/B_5_CN_Cum07.pdf

2.    <u>Bank of America, N.A.</u>  Bank of America, N.A. is an indirectly held banking subsidiary of Bank of America Corporation, a publicly held company.  *See generally*, Bank of America, National Association, http://www2.fdic.gov/idasp/confirmation_outside.asp?inCert1=3510 (classifying Bank of America as a "National Bank").  As a nationally chartered bank, Bank of America is subject to comprehensive regulation by the Office of the Comptroller of the Currency, pursuant to the National Bank Act, 12 U.S.C. § 21 *et seq.,* including with respect to the adequacy of its capital reserves, *see* 12 C.F.R. Part 3.

3.    <u>Relationships between Bank of America and the Petitioning Creditors.</u>  According to a preliminary review of its records conducted over the weekend, Bank of America has banking relationships with some but not all of the Petitioning Creditors.  Some number of the Petitioning Creditors appear to be—or to have been—borrowers under mortgage loans serviced by Bank of America.  Bank of America's records reflect that certain of the Petitioning Creditors either were the subject of foreclosure proceedings, and/or were debtors in bankruptcy.  Based on the information presently available, other Petitioning Creditors do not appear to have any commercial relationship at all with Bank of America.

## **<u>ARGUMENT</u>**

The purported involuntary petition is frivolous and should be dismissed immediately for lack of subject matter jurisdiction, failure to state a claim, and/or filing in bad faith.

*First*, Bank of America is not eligible to be a debtor in bankruptcy.  Indeed, petitioners fail even to allege on the official bankruptcy form petition that Bank of America is eligible to be a debtor in bankruptcy.

*Second*, the petition does not (and could not) allege that the Petitioning Creditors hold claims that are not subject to bona fide dispute.  The allegation that Bank of America owes petitioners $60 million in uncontested debt is factually implausible on its face.

*Third*, these failures make clear that the petition was filed in bad faith.  Bank of America is subject to extensive regulation and oversight with respect to its financial affairs and there can be no plausible suggestion that it is not generally paying its debts as they come due.

## I.     THE PETITION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILING TO STATE A CLAIM

### A.     Bank of America Is Not Eligible To Be A Debtor

The text of the Bankruptcy Code makes plain that Bank of America is not eligible to be a debtor.  Section 303(a) provides that "an involuntary case may be commenced only . . . against a person . . . that may be a debtor under the chapter under which such case is commenced."  11 U.S.C. § 303(a).  The Petitioning Creditors purported to file this case under chapter 11, which, as relevant here, applies only to persons eligible to be debtors under chapter 7.  Under the express terms of the Bankruptcy Code, a bank cannot be a debtor in such a bankruptcy:  "A person may be a debtor under chapter 7 **only if such person is not** … a domestic insurance company, **bank**, savings bank, cooperative bank, savings and loan association," or other specified entities.  11 U.S.C. § 109(b) (emphasis added); *see also* 11 U.S.C. §109(d) (incorporating these chapter 7 limitations into chapter 11).

Bank of America, of course, is a "bank," and therefore not eligible to be a debtor under either chapter 7 or chapter 11.  As Collier explains, "an involuntary chapter 11 case may not be commenced against a domestic bank."  2 *Collier on Bankruptcy*  ¶ 303.04[1] (15th rev. ed. 2011).

6

The Petitioning Creditors do not allege otherwise.  To the contrary, they conspicuously failed to check box number "2" in the section of the form involuntary petition entitled "allegations."  That box reads: "The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code."

That box is present on the form, of course, because that is a *mandatory* allegation—the absence of which will cause the involuntary petition to be dismissed for failure to state a claim. This petition must therefore be dismissed for failure to state a claim.[5]

### B.      The Petition Does Not Adequately Allege A Debt Not Subject To Bona Fide Dispute

A petitioning creditor in an involuntary bankruptcy case must hold a claim that is not subject to "bona fide dispute."  11 U.S.C. § 303(b)(1).  The Tenth Circuit has made clear that so long as there is an "objective basis for either a factual or legal dispute as to the validity of [the] debt," *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1544 (10th Cir. 1988), the petitioning creditor lacks standing to bring an involuntary bankruptcy case.

There is surely an "objective basis" on which to dispute the claims asserted by the Petitioning Creditors.  For one, there is no reasonable basis in law under which Bank of America could owe any debt—let alone the $60 million (in the aggregate) that the Petitioning Creditors contend is due to them—on account of an "exemption."

The Bankruptcy Code provides that in an individual debtor case, some of the debtor's property—such as his or her car or home, up to certain monetary values—is exempt from

---

[5]        In addition to demonstrating the Petitioning Creditors' failure to state a claim, there is substantial authority supporting the proposition that the ineligibility of an alleged debtor to be a debtor in bankruptcy deprives the bankruptcy court of subject-matter jurisdiction over the involuntary petition, and provides a basis for dismissal for lack of jurisdiction. *See In re Calloway*, 70 B.R. 175 (Bankr. N.D. Ind. 1986) (bankruptcy court lacks subject matter jurisdiction over involuntary petition against entities ineligible to be debtors); Advisory Committee Note to Fed. R. Bankr. P. 1011(b) ("an objection that a debtor is neither entitled to the benefits of the Code nor amenable to an involuntary petition goes to jurisdiction of the subject matter").

inclusion in the bankruptcy estate and distribution to creditors.  *See* 11 U.S.C. § 522; *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005).  Subject to certain exceptions, "property exempted [from the bankruptcy estate] is not liable during or after the case for any debt of the debtor that arose … before commencement of the case."  11 U.S.C. § 522(c).  *See also Schwab v. Reilly,* 130 S.Ct. 2652, 2657 (2010) ("When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate, see 11 U.S.C. § 541, subject to the debtor's right to reclaim certain property as 'exempt,' § 522(l)….  Property a debtor claims as exempt will be excluded from the bankruptcy estate "[u]nless a party in interest' objects. § 522(l).'".").

But "exemption" is not a cause of action for affirmative recovery, and there is no basis at all for contending that the Petitioning Creditors' claims are not subject to "bona fide dispute." To the contrary, the absence of any cause of action for "exemption" is itself a basis to find the existence of a "bona fide" dispute under the Tenth Circuit's "objective" test, and thus provides basis for dismissal of the petition

When faced with allegations like those made here, courts properly dismiss a claim on the ground that it is factually frivolous.  *See generally Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Usually suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim.  Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity."); *see also Frank v. Bush*, No. 09-4146, 2010 WL 1408405 (D. Kan. April 2, 2010) ("Claims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.").

## II.    THE PETITION IS, ON ITS FACE, FILED IN BAD FAITH.

"The filing of an Involuntary Petition should not be lightly undertaken."  *In re Exchange Network Corp.*, 85 B.R. 128, 131 (D. Colo. 1988).  Even apart from the potentially grave collateral consequences when such a filing is made against an entity with as wide an array of commercial dealings as Bank of America has, an involuntary bankruptcy filing always "creates onerous circumstances for a debtor."  *Id.*  The involuntary bankruptcy is a creditor remedy reserved for circumstances in which a debtor is unwilling or unable to pay debts that are unquestionably due and owing, and where it is in the best interests of the debtor and its creditors for the debtor either to liquidate or reorganize its business under the supervision of the bankruptcy court.  The jurisdiction of the bankruptcy court may not be invoked by a petitioning creditor who seeks to harm the debtor's business, 2 *Collier on Bankruptcy* ¶ 303.16[1] (15th rev. ed. 2011), and least of all by a creditor that simply seeks to use the bankruptcy court as an instrument for the purpose of making a political statement.

Courts have thus uniformly read Section 303(b) of the Bankruptcy Code to include an implicit requirement of good faith.  *See 2 Collier on Bankruptcy* ¶ 303.16 (15th rev. ed. 2011).  In addition, where dismissal of the bankruptcy is in the best interests of creditors and the estate, a bankruptcy court may dismiss a bankruptcy case pursuant to 11 U.S.C. § 305.

While courts have offered a variety of formulations of the test for determining whether a petition was filed in good faith, the inquiry ultimately boils down to whether the filing was intended by the petitioning creditor to serve, and in fact serves, a purpose recognized by the Bankruptcy Code.  *See generally U.S. Fidelity Guar. Co. v. DJF Realty Suppliers, Inc.*, 58 B.R. 1008, 1011 (N.D.N.Y. 1986) (holding mixed objective and subjective test to be appropriate framework for analyzing bad faith); *In re West Side Cmty. Hosp.*, 112 B.R. 243, 258 (Bankr.

9

N.D. Ill. 1990) (analogizing Bankruptcy Rule 9011 standard to § 303's implied "good faith" standard).

Applying these principles, courts have not hesitated to dismiss involuntary bankruptcy petitions when the tool is used "in an improper and unacceptable way," *In re Oakley Custom Homes*, 168 B.R. 232, 239 (Bankr. D. Colo 1994), such as to wage a "business war" or to carry out a "personal vendetta." *Id.* Filing an involuntary petition to make a political statement—the self-evident purpose of the present filing—is no different. When an involuntary petition is filed, the "unique involuntary bankruptcy machine is put in action which causes significant burdens … without the benefit of reorganization or discharge." *Id.* (internal quotation omitted). Filing such a petition for improper motives such as those present here undermines the integrity and "efficacy of the bankruptcy system," *id.* at 239 n.9, as well as potentially causing significant harm to the alleged debtor. Because it was filed in bad faith, the purported involuntary petition should promptly be dismissed.

In addition, the petition's allegation that Bank of America is not generally paying its debts as they come due disregards the extensive federal supervision of the Bank's financial affairs. Bank of America's financial condition is subject to extensive federal regulation, including by the Office of the Comptroller of Currency. There is no basis in fact for the allegation that Bank of America is not timely paying its debts.

*   *   *   *   *

While the only matter requiring immediate emergency relief is the motion to dismiss the petition, the Bankruptcy Code makes clear that a petitioning creditor who files an involuntary petition in bad faith is liable to the alleged debtor for its fees and costs, for damages caused by the filing, and for punitive damages. *See* 11 U.S.C. § 303(i). Indeed, the 2005 Bankruptcy

Amendments added language clarifying that the fraudulent use of the involuntary bankruptcy process is a form of bankruptcy fraud, subject to criminal punishment.  *See* 18 U.S.C. § 157.

Bank of America expressly reserves the right, following the dismissal of the alleged involuntary petition, to request that the Court set a hearing at which it may determine an appropriate award under Section 303(i), and consider whether the circumstances warrant making a criminal referral to the Office of the United States Attorney.

## **CONCLUSION**

For the foregoing reasons, the alleged involuntary petition should be dismissed, the Court should enter an order providing that Bank of America may conduct its business affairs as if the petition had not been filed.

Respectfully submitted,

Dated:  June 19, 2011

_____s/ Deanna L. Westfall_____
Deanna L. Westfall, #23449
CASTLE STAWIARSKI, LLC
999 18th Street, Suite 2201
Denver, Colorado 80202
Telephone: 303-865-1400
Fax: 303-865-1410
dwestfall@cmsatty.com

Craig Goldblatt
Lisa Ewart
Allison Hester-Haddad
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC  20006
Telephone:  202-663-6000
Fax:  202-663-6363
craig.goldblatt@wilmerhale.com

*Attorneys for Bank of America, N.A*

11