**Exhibit 4**

**Dated: May 18, 2011**



_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**
_____

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Involuntary Chapter 11 |
| | ) | |
| U.S. CORP., et al., | ) | Case No. 4:11-bk-06731-EWH |
| | ) | |
| | ) | **ORDER BARRING PETITIONING** |
| | ) | **CREDITORS FROM FILING** |
| | ) | **INVOLUNTARY PETITIONS IN THE** |
| | ) | **DISTRICT OF ARIZONA AND IMPOSING** |
| Involuntary Debtors. | ) | **ADDITIONAL LIMITATIONS ON FILINGS BY** |
| | ) | **MARSHALL E. HOME** |

### I. FACTS AND PROCEDURAL HISTORY

On March 16, 2011, Marshall E. Home ("Home") and a number of other

petitioning creditors filed an involuntary Chapter 11 Petition ("Involuntary") against "U.S.

Corp. and its federal State of Arizona, employees, agents, instrumentalities, attached

list as Attachment 1".  Attachment 1 includes a number of Arizona counties, local and

national law firms, banks, taxing authorities and other entities and individuals.

Thereafter, Home filed numerous pleadings, including adding numerous additional

petitioning creditors ("Petitioning Creditors")[1] .

On April 19, 2011, the Court issued an Order to Show Cause as to why the

Involuntary should not be dismissed as having been wrongfully filed against a

_____

[1]   A complete list of Petitioning Creditors as of the date of this Order is attached as Exhibit A.

1
2
3
4
5
6

governmental entity.  The Court also issued a Show Cause Order as to why the Court

should not:  (1) make a finding that the Petitioning Creditors are vexatious litigants;

(2) enter an order requiring the Petitioning Creditors to obtain an order from the Court

before any further pleadings will be accepted for filing by the Clerk of the Bankruptcy

Court for the District of Arizona (collectively "Orders to Show Cause").

7
8
9
10
11
12

On May 18, 2011, the Court held a hearing on the Orders to Show Cause and

took the matters under submission.  By separate order, the Court will dismiss the

Involuntary.  In this decision, the Court enjoins the Petitioning Creditors from filing

further involuntary petitions in the Bankruptcy Court for the District of Arizona and

imposes additional filing restrictions on Home.

13

## II.  DISCUSSION

14
15
16
17
18
19
20
21
22

In our democracy, free access to the courts is presumed, but when a party

ignores both substantive law and procedural rules and uses the court system to harass

others or to advance an agenda which is unrelated to the purpose of the court, rules

may be imposed that restrict abusive litigants' access to the court.  It has long been

recognized that federal courts, including bankruptcy courts, have the inherent power to

regulate the activities of abusive litigants.  In re Reilly, 112 B.R. 1014, 1017 (9th Cir.

BAP 1990).  An order requiring a litigant to seek permission from the court prior to

commencing litigation may be imposed when the following four conditions are met:

23
24
25
26

1.      The party against whom injunctive relief is imposed is given adequate

notice so that the party has the opportunity to oppose a restrictive order

before it is entered;

27
28

2

2.      An adequate record is provided of the cases and motions that led to the

determination that the party is a vexatious litigant;

3.      Substantive findings are made as the frivolous and harassing nature of the

litigant's actions; and

4.      The order entered which limits the litigant's filing rights is narrowly tailored

to address the problem.  Molski v. Evergreen Dynasty Corp., 500 F.3d

1047, 1057-58 (9th Cir. 2007) quoting DeLong v. Hennessey, 912 F.2d

1144, 1148 (9th Cir. 1989).

**A.    Notice**

On April 19 and 26, 2011, the Court entered its Orders to Show Cause, which

alerted Home and the Petitioning Creditors that the Court would conduct a show cause

hearing on May 18, 2011, regarding their conduct and that restrictions could be entered

if they failed to adequately explain that conduct. The notice requirement has, therefore,

been met.

**B.    Cases and Motions**

Since filing the Involuntary,[2] Home, on his own behalf or acting as the "general

partner" of other Petitioning Creditors, has filed numerous frivolous and meritless

pleadings, including:

---

[2] The Involuntary was improperly filed against the United States government and other governmental units.  Governmental entities are not persons under the Bankruptcy Code and, therefore, involuntary petitions may not be brought against them.  The Involuntary was also filed in bad faith.  See Memorandum Decision on dismissal of Involuntary Petition and other pleadings of even date.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 69 motions to redeem property ("Redemption Motions") seeking to redeem the Petitioning Creditors' property under 11 U.S.C. § 722. However, § 722 limits redemption rights to Chapter 7 <u>debtors</u> and is limited to personal property. Numerous orders denying the Redemption Motions were issued, but new motions were regularly filed.

- Home has, on his own behalf or on behalf of a number of Petitioning Creditors, removed 18 pending state court cases to this Court ("Removed Cases"). All of the Removed Cases involve state court enforcement actions against particular Petitioning Creditors, such as forcible entry and detainer actions or tax garnishments. A review of Adversary No. 4:11-ap-00664 (now closed as a result of a May 13, 2011 remand order) is instructive. It demonstrates that Home engaged in a pattern of abusive litigation in a Pima County Superior Court forcible entry and detainer action, which was commenced after a foreclosure was completed on his house. In that case, Home filed counterclaims and a motion for summary judgment and engaged in other litigation that went on for almost a year. Two days after the Pima County Superior Court entered a final order against him, Home removed the case to this Court.

- Home has, on his own behalf or on behalf of other Petitioning Creditors, filed 173 proofs of claims ("POC's") in the Involuntary. The POC's allege that the claimant is a secured creditor under the UCC and claim that large dollar amounts are due to the claimant – usually from a bank or taxing authority involved in collection actions against the claimant.

4

1
2
3
4
5

- • Home has also filed motions seeking to invoke an automatic stay in favor of Petitioning Creditors (see DE 318), and/or applications for injunctive relief in favor of Petitioning Creditors who are subject to foreclosure or other collection actions (DE 340).

6
7
8
9
10
11
12

- • After the Court entered an order granting a creditor's motion for relief from stay, Home filed an adversary proceeding (Adversary No. # 4:11-ap-00864) naming this Court and many other parties as defendants.  Home then filed a Notice Requesting Continuances of the hearings on the Orders to Show Cause, asserting that this Court was disqualified as a result of being named a defendant.[3]

13
14

Based on all of the above, the Court finds that the record demonstrates that Home and the Petitioning Creditors are vexatious litigants.

15

**C.    Frivolous/Harassing Nature of Litigants' Actions**

16
17
18
19
20
21
22
23
24
25

Home and the Petitioning Creditors filed the Involuntary as a device to harass their creditors.  Home has removed state court actions in order to protect himself and other Petitioning Creditors from eviction or other collection actions.  The POC's were filed in an effort to advance Home's claims that he and the other Petitioning Creditors are the creditors of their creditors.  As explained in the Court's Memorandum Decision, the pleadings filed by Home in the Involuntary were facially baseless and the filing of the Involuntary was improper.  The Court has little trouble on this record – finding that the

26
27
28

---

[3]  Litigants cannot disqualify a judge by suing the judge. See United States v. Studley, 783 F.2d 934, 940-41 (9th Cir. 1986).

5

pleadings filed by Home and the Petitioning Creditors were filed for frivolous reasons with the intent to delay and harass others.

Based upon the foregoing, IT IS HEREBY ORDERED designating Marshall E. Home, individually and as the purported general partner of the Independent Rights Party, as a "Vexatious Litigant" as that term is defined in Molski. 500 F.3d at 1057-58.

IT IS FURTHER ORDERED that Home and any entity owned or controlled by him may not file any pleading in the Bankruptcy Court for the District of Arizona, other than a notice of appeal of this order and a notice of appeal of the order dismissing the Involuntary, unless he has obtained an order from this Court authorizing the filing of the pleading.

IT IS FURTHER ORDERED directing the Clerk of the Bankruptcy Court to date stamp any documents brought or mailed to the Court by Home and then to send the date-stamped documents to this Court's chambers.  If the Court determines the documents may be filed, it will issue an authorization order.  If the Court determines that the documents are frivolous, the documents will be destroyed.

IT IS FURTHER ORDERED prohibiting any of the Petitioning Creditors listed on Exhibit A of this order from filing any involuntary petitions in the United States Bankruptcy Court for the District of Arizona.

Dated and signed above.

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Marshall E. Home
3051 W. Mexico Street
Tucson, AZ  85746

All Petitioning Creditors

U.S. Trustee
Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ  85003

7

1

**Exhibit  A**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| M & E HOME | JOHN APOSTOLOU |
| JERALD J GUSTAFSON | EVA APOSTOLOU |
| JAMES P MORENO | NANCY WEENIG MORGAN |
| MARSHALL E HOME | MICHAEL C BROOK |
| MARY E HOME | CONSTANCE TAYLOR |
| JUDY ELIZABETH MISCHEL | RONALD J GENGLER |
| CYNTHIA VICKERS | CYNTHIA L GENGLER |
| SHIRLEY CAMPBELL CRAWFORD | JOHN THOMAS PARKINSON |
| CHARLES DAVIS | LYSTRA MONIQUE HIBBERT LLOYD |
| WILLIAM CLAYTON COX | ISHMAEL HUNTER |
| GARY L DOYLE | TERRY JONES |
| GAYE TISSAW FRANK | PHILLIP JONES |
| DON SHERMAN | LELAND L LEHR |
| RUTH ANN ANDERSON | SUSAN CARLSEN |
| JAMES B ANDERSON | JOEL CARLSEN |
| ANDERSON FARM RLT | MARK GOODMAN |
| SHARON MICHAS | CAROLYN PEKRUL |
| RICK CARR | GORDON PEKRUL |
| DEB TRUH | HARRISON WILLAR |
| JAMES RICHARD KELDER | HELEN C WILLAR |
| ELIZABETH JANE KELDER | MARYANN ZABORSKY |
| LANNY KAY TALBOT | DENNIS E GIROUD |
| ROSS HELD | GEORGE PANAGIOTAKOPOULOUS |
| ALVA VERN BRISCOE | LISA LAGIOS |
| SANDRA MARIE BRISCOE | THEODORE LAGIOS |
| DAVID BOWMAN | RONALD LEE BREKKE |
| JOHANNA BOWMAN | |
| JERRY T MCCLAIN | |
| KAREN S MCCLAIN | |
| ANGIE S COX | |
| MY-KEY BELLAMY | |
| KATHRYN S RAUCH | |
| JOHN E CASTLE | |
| CAREY B PAVLISH | |
| ANNE H PAVLISH | |
| LUIS B CASTILLO | |
| BRIGITTE C MOOSMANN | |
| LARRY SMART | |
| DONALD W ERNLE | |
| KRISTAL HATCHELL | |
| EDWIN M HAYES | |
| APRIL JO HAYES | |

8