IN THE ADMIRALTY

FILED
BRADFORD L. BOLTON
CLERK

2011 JUN 21  AM 8:42

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

In re:                            )
                                  )      Case No. 11-24503-MER
Bank of America, N.A.             )
                                  )      Chapter 11 (Involuntary Petition)
                                  )
                                  )

**Petitioning Creditors Response to Debtor's Motion to Dismiss**

1.  Petitioning Creditors ("Creditors") in the above captioned case hereby bring this response to Bank of America's (henceforth "Debtor") motion to dismiss.  Creditors request the court take notice that the timing of the expedited hearing presents undue and unfair pressure and discrimination on them to respond in such short order, being as they were only made aware of such hearing on the afternoon of Monday, June 20, 2011, a mere matter of hours in which to prepare a response to the motion for tomorrow morning's hearings.  Therefore, it is hereby requested that this be kept in mind with respect to this response and any oral discussions during the hearing.

### I. PERTINENT LAW AND LEGISLATIVE HISTORY

2.  It is an established fact that the United States Federal Government has been dissolved by the Emergency Banking Act, March 9, 1933, 48 Stat. 1, Public Law 89-719 which thereby was declared by President Roosevelt as being bankrupt and insolvent. H.J.R. 192, 73rd Congressional session, June 5, 1933 - Joint Resolution To Suspend the Gold Standard and Abrogate The Gold Clause - dissolved the Sovereign Authority of the United States and the official capacities of all United States Officers and Departments

**Petitioning Creditors Response to Debtor's Motion to Dismiss**

IN THE ADMIRALTY

and is further evidence **that the United States Federal Government exists today in name only.** The receivers of the United States Bankruptcy are the International Bankers, via the United Nations, the World Bank and the International Monetary Fund.

3.  It is a matter of public record that since March 9, 1933 the United States has been under emergency rules and operating as a known bankrupt under public policy. All matters pertaining to the creation of public funds under such public policy have been under the control of the receiver of the bankruptcy debtor in possession ("United States"), the Secretary of the U.S. Treasury. All national banking associations are under the control of said receiver and acting as sub-corporations of the United States for purposes of creating public funds through the scheme of legal tender federal reserve notes and underwritten by the Social Security Act of 1937 (a Tontine insurance scheme intended to have the "last man standing" retain all the property of collateralized pledge to such scheme).

4.  The Reorganization of the bankruptcy is located in Title 5 of United States Codes Annotated. The "Explanation" at the beginning of 5 U.S.C.A. is most informative reading. The "Secretary of Treasury" was appointed as the "Receiver" in Bankruptcy. (See: Reorganization Plan No. 26, 5 U.S.C.A. 903, Public Law 94-564, Legislative History, pg. 5967) Since a bankrupt loses control over his business, this appointment to the "Office of Receiver" in bankruptcy had to have been made by the "creditors" who are "foreign powers or principals".

5.  Title 28 USC 3002 Section 15A states that the United States is a Federal Corporation and not a Government, including the Judiciary Procedural Section B101(41), which is irrelevant. All United States Offices, Officials, and Departments are now operating within a de facto status in name only under Emergency War Powers. The Uniform Commercial Code is the law of Bankruptcy by which all districts of the U. S. Bankruptcy Court is convened.

6.  The United States went "Bankrupt" in 1933 and was declared so by President Roosevelt by Executive Orders 6073, 6102, 6111, and 6260, (See: Senate Report 93-549, pages 187 & 594) under the "Trading With The Enemy Act" (Sixty-Fifth Congress, Sess. I, Chs. 105, 106, October 6, 1917), and as codified at 12 U.S.C.A. 95a.

**Petitioning Creditors Response to Debtor's Motion to Dismiss**

IN THE ADMIRALTY

7. On March 17, 1993, on page 1303 of Volume 33 of the Congressional Record,
Congressman Traficant stated:

> "Mr. Speaker, We are now here in Chapter 11. Members of Congress are official
> trustees presiding over the greatest reorganization of any bankrupt entity in world
> history, the U.S. Government."

8. In 1966, Congress being severely compromised, passed the "Federal Tax Lien Act of
1966," by which the entire taxing and monetary system i.e. "Essential Engine" (See:
Federalist Papers No. 31) was placed under the Uniform Commercial Code. (See: Public
Law 89-719, Legislative History, pg. 3722, also see, C.R.S. 5-1- 106), to wit:
"Henceforth all matters pertaining to monetary policy and taxation shall be under the
purview of the Uniform Commercial Code."

9. Under the above briefly outlined structure of emergency powers, abrogation of lawful
money clause of the constitution, and reorganization construct consolidated into the
Uniform Commercial Code, the providers of underwriting credit in every transaction
involving the creation of new public funds are the people who collectively provide the
full faith and credit of such a scheme.  As such all people of the several states and
specifically all creditors listed in the instant case are by principle, fact, public policy and
eighty years of legislative history, the creditors for the creation of all funds, including but
not limited to those pertaining to promissory notes utilized as underwriting assets in the
creation of mortgages, securitization pools and other related actions undertaken countless
times in every day by the Debtor.

10. In addition, in all instances relevant to the intended evidence to be brought forward in this
case, the promissory notes of every mortgage transaction are the property of the creditors,
the individual underwriters, i.e., the petitioning creditors herein.  By a scheme of non-
disclosure in violation of numerous federal acts such as Truth In Lending Act, Real Estate
Settlement Procedures Act, Fair Debt Collection Practices Act, the Debtor did not
disclose material facts that such notes were the property of the makers, nor did they
disclose that the underlying mandatorily required CUSIOP and Replevin Bonds were the
property of the sources of credit/creditors.  It is precisely these elements that are the basis

**Petitioning Creditors Response to Debtor's Motion to Dismiss**

## IN THE ADMIRALTY

of the claim upon which relief must be granted in this instant case as will be proven incontrovertibly by petitioning creditors herein.

11. The United States as Corporator, (22 U.S.C.A. 286E, et seq.) and "State" (C.R.S. 24-36-104, C.R.S. 24-60-1301(h)) had declared "Insolvency." (See: 26 I.R.C. 165(g)(1), U.C.C. 1-201(23), C.R.S. 39-22--103.5, Westfall vs. Braley, 10 Ohio 188, 75 Am. Dec. 509, Adams vs. Richardson, 337 S.W. 2d 911; Ward vs. Smith, 7 Wall. 447) A permanent state of "Emergency" was instituted, formed and erected within the Union through the contrivance, fraud and avarice of the International Financial Institutions, Organizations, Corporations and Associations, including the Federal Reserve, their "fiscal and depository agent" -- whose member banks are "privately owned corporations". 22 U.S.C.A. 286d.

12. In short the FDIC and MERS, Inc., named as co-associated corporations are merely acting in commerce along with Debtor Bank of America, as per the above stated facts and the underlying key Clearfield Doctrine, to wit:

13. The Clearfield Doctrine clearly established that when governments descend to doing business in commerce they do so on business terms and not as government entities. FHA v. Burr. 309 U.S. 242.

14. All named associated entities and Debtor are using Petitioners' Trade Names to make money when in fact the law, the Lanham Trademark Act, prohibits the state or Federal government from  taking our property without just compensation, as prohibited by the Clearfield Doctrine, wherein the Supreme Court ruled:

> "Government descends to the Level of a mere private corporation, and takes on the characteristics of a mere private citizen...where private corporate commercial paper [Federal Reserve Notes] and securities [checks] is concerned. For purposes of suit, such corporations and individuals are regarded as entities entirely separate from government."
> ### *Clearfield Trust Co. v. United States 318 U.S. 363–371.*

15. The government, by becoming a corporator, (See: 22 U.S.C.A. 286e) lays down its sovereignty and takes on that of a private citizen. It can exercise no power that is not derived from the corporate charter. (See: The Bank of the United States vs. Planters Bank of Georgia, 6 L. Ed. (9 Wheat) 244, U.S. vs. Burr, 309 U.S. 242) The real party in interest

**Petitioning Creditors Response to Debtor's Motion to Dismiss**

IN THE ADMIRALTY

is not the de jure "United States of America" or "State", but "The Bank" and "The Fund." (22 U.S.C.A. 286, et seq., C.R.S. 11-60-103) The acts committed under fraud, force and seizures are many times done under "Letters of Marque and Reprisal" i.e. "recapture." (See: 31 U.S.C.A. 5323).

16. Debtor Bank of America, N.A. acting under charter from the receiver of the United States Bankruptcy is par excellence committing fraud against the petitioning creditors herein, and such creditors demand right to put forth their case with supporting evidence, testimony, documentary support and other substantive elements that fully support a claim upon which relief can be granted.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION

17. As abundantly established herein above, all banking associations are acting under reorganization and emergency rules within the scope of the bankruptcy of the United States.   The United States Bankruptcy Court was established to settle all matters pertaining to secured interests and the discharge of public liabilities associated with the creation of public funds under the aforementioned public policy.   Creditors herein will show that they are secured party creditors with secured interests with right to bring such claims for settlement into this forum.

18. With respect to stating a claim pursuant to FRCP 12, the court is directed to the following:

19. The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Conley v. Gibson, 355 U.S. 41 (1957)*

20. This response to the motion to dismiss provides ample substance to establish a plain statement of the claim, allowing this court the basis upon which to deny Debtor's motion to dismiss. It would be a travesty of justice to disallow petitioning creditors their rightful

**Petitioning Creditors Response to Debtor's Motion to Dismiss**

IN THE ADMIRALTY

and proper access to due process and a fair hearing of the matter for which this court has accepted contractual payment of fees to enter this case into its forum.

### III. CONTINUING FRAUD EXPOSURE TO BE PLACED INTO EVIDENCE

21. As stated in the opening paragraph of this response, creditors are severely limited and hampered by time constraints to prepare a complete response. Be that as it may, it is obvious by the public record of the last three years, through media, court processes, settled case law in many state courts, bankruptcy courts and federal district courts that Debtor and every single one of the major banking institutions, along with MERS, Inc., that a long train of continuous fraud has been perpetuated against the America people.

22. Creditors herein shall place upon the record of this case settled case records and other abundant evidence of the elements of fraud perpetrated on themselves as underlying support for their claim. Specific remedy will be identified with respect to the return of all property belonging to them, and show key falsification of tax records submitted to the IRS by Debtor to create false filings of so-called abandonment of such property when no such abandonment took place.

23. Creditors will seek further evidence through interrogatories and discovery to place onto the record of the case in support of their position and claims. There was never a clear and clean chain of title for Debtor and associate named entities to lay claim to real property as collateral, and further, serious violations of securities law will be demonstrated as basis of the claim brought herein.

### IV. CHAPTER 7 DOES NOT APPLY

24. Debtor has erroneously and purposefully attempted to mislead this court. On Page 6 of its Memorandum in Support states that "chapter 11, which, as relevant here, applies only to persons eligible to be debtors under Chapter 7." Yet, they conspicuously leave out any substantiation for such a statement; this is a Chapter 11 case filed correctly by the

**Petitioning Creditors Response to Debtor's Motion to Dismiss**

IN THE ADMIRALTY

petitioners and there is no basis to state such only applies to debtors under Chapter 7. Therefore, the entire basis for its Motion to Dismiss is established on erroneous grounds.

## V. DENIAL OF MOTION IS PROPER AND CONCLUSIONS

25. Creditors intend to demonstrate to the court that the action filed with this court is not frivolous and the case and the creditors have merit.  We fully intend to present to the court factual documents exposing Bank of America's fraudulent business practices. All that is requested herein is that the court grants us the usual and customary time given to other plaintiffs and allow due process to occur.

26. With respect to the accidental oversight of not checking box 2, the court is noticed that such was indeed an accident and oversight, and hereby state that "the debtor is a person against whom an order for relief may be entered under title 11 of the United States Code," and request leave of the court to amend such error.

27. With respect to whether a bank association can be brought before a bankruptcy proceeding, the fact is that Bank of America Corporation as parent thereof is in fact a corporation.  Since the 1880s all such entities have been treated within the United States as legal persons, to wit:

28. In 1886, . . . in the case of *Santa Clara County v. Southern Pacific Railroad Company*, the U.S. Supreme Court decided that a private corporation is a person and entitled to the legal rights and protections the Constitutions affords to any person.  According to the official case record, Supreme Court Justice Morrison Remick Waite simply pronounced before the beginning of argument in the case of *Santa Clara County v. Southern Pacific Railroad Company* that:

> "The court does not wish to hear argument on the question whether the provision in the Fourteenth Amendment to the Constitution, which forbids a State to deny to any person within its jurisdiction the equal protection of the laws, applies to these corporations. We are all of opinion that it does."

The court reporter duly entered into the summary record of the Court's findings that:

> "The defendant Corporations are persons within the intent of the clause in section 1 of the Fourteen Amendment to the Constitution

**Petitioning Creditors Response to Debtor's Motion to Dismiss**

IN THE ADMIRALTY

<u>of the United States</u>, which forbids a State to deny to any person
within its jurisdiction the equal protection of the laws."

29. Therefore, in conclusion, if the U.S. Supreme Court recognizes the legal personhood of corporations and the afforded legal protections thereof, then conversely, legal liabilities must also apply. As has been abundantly demonstrated herein, even within the time constraints as stated above, creditors feel they have properly established the basis by which this court can provide for the continuation of this case to address such legal liabilities under all referenced public acts and codes. To do otherwise would be a denial of judicial prudence and deny the petitioning creditors the very same afforded legal protections as provided for in the above quoted case.

30. Creditors have in fact presented this case in good faith and clean hands and categorically deny they have proceeded in bad faith.

31. Therefore, Debtor's Motion to Dismiss must be properly denied and creditors allowed their due process rights to continue and allow judicial decisions to be made in due course.

Respectfully Submitted June 21, 2011 by Petitioning Creditors

David Landon Murphy
Principal Secured Party Creditor
General Partner

**Petitioning Creditors Response to Debtor's Motion to Dismiss**