

> Signed/Docketed
> June 21, 2011

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-24503  MER |
| BANK OF AMERICA, N.A ) | |
| ) | Involuntary Chapter 11 |
| ) | |
| Debtor. ) | |

## ORDER

THIS MATTER comes before the Court on the following pleadings:

(1)   *Involuntary Petition* filed by involuntary petitioning creditors David Landon Murphy, Tawny Elan Sharp, Robert J. DeSalvo, Lynne M. DeSalvo, Reynaldo D. Castillo, Alfred Lee Lamb, Gary C. Lamb, David D. Cue, Lorrie L. Cue, Clinton G. McFarlane, Myles Cue, Kimberly M. Cue, Linda D. Williams, Kenneth Scott Cousens, Derek R. Goulette, Steven P. Kelly, Gloria Kelly, Ryan D. Crotts, Sabrina Crotts, Cynthia Canyon, Ken Gordon, Carrie Gordon, James Taylor, Susan Taylor, Jerry Lee Berneathy, Fatana Deralas, Rupert Joseph, Octaviana E. Pichardo, Manuel R. Pichardo, Raymond Coomer, Jody Spehar, Satu Immermann, Nigel P Rudlin, Michael Younessi (the "Petitioning Creditors") on June 17, 2011 (Docket #1),

(2)   *Motion to Dismiss Alleged Involuntary Petition* filed by alleged debtor Bank of America, N.A. ("Bank of America") on June 19, 2011 ("Motion to Dismiss") (Docket #3),

(3)   *Bank of America's Memorandum in Support of its Motion to Dismiss, and Answer to, Pro Se Purported Involuntary Petition* filed June 19, 2011 ("Memorandum") (Docket #4),

(4)   *Answer and Affirmative Defenses of Bank of America N.A. to Alleged Involuntary Petition  filed June 19, 2011* ("Answer") (Docket #5), and

(5)   *Petitioning Creditors Response to Debtor's Motion to Dismiss* ("Response") filed June 21, 2011 (Docket #12).[1]

---

[1]   Subsequent to the hearing on the Motion to Dismiss the Petitioning Creditors filed an Amended Involuntary Petition at Docket 13 on June 21, 2011, containing an additional designation that Bank of America is a person against whom an order for relief may be entered  (*i.e.* a person eligible to be a debtor).  Mr. Murphy also

On June 20, 2011, the Court issued an order scheduling a hearing on these matters on Tuesday, June 21, 2011, at 9:30 a.m. in the United States Bankruptcy Court for the District of Colorado, Courtroom C-502, Byron Rogers Courthouse, 1929 Stout Street, Denver, Colorado. The Court gave the parties the option to appear in person or by telephone, and directed Bank of America to use its best efforts to provide notice of the Court's Order and the expedited hearing to the Petitioning Creditors.[2] Prior to the hearing, one member of the Petitioning Creditors, David Landon Murphy, filed a Response to Debtor's Motion to Dismiss and personally appeared and presented argument. The Court having considered the pleadings and legal argument presented at the June 21, 2011 hearing, hereby makes the following findings of fact and conclusions of law.

## BACKGROUND FACTS

The Involuntary Petition was filed June 17, 2011 and lists the Involuntary Debtor as Bank of America, NA, whose address is P.O. Box 78420, Simi Valley, CA 93062, and whose county of residence or principal place of business is "50 Federal States," with a zip code of 80112. The Involuntary Petition further indicates Bank of America's debts are primarily business debts, and that the Involuntary Debtor is both an individual and a corporation. The nature of Bank of America's business is checked as "clearing bank." The Involuntary Petition further states the Petitioning Creditors are eligible to file the Involuntary Petition, and that Bank of America has not been paying its debts as they become due. The Involuntary Petitioners identify themselves and their claims as follows:

1. David Landon Murphy of Santa Fe, NM, a "principle secured party creditor" in the amount of $30,000,000, based on "exemption."

2. Tawny Elan Sharp of Palm Springs, CA, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

---

made this representation at the hearing.

[2] At the hearing, counsel for Bank of America presented its Certificate of Service detailing efforts made to notify all the Petitioning Creditors of the emergency hearing. While service was not accomplished upon all the Petitioning Creditors, due to the emergency nature of the hearing, the Court concludes the service efforts were satisfactory. *See Draiman v. Multiut Corp.*, 2008 WL 904778 (N.D. Ill. March 31, 2008) (Agreeing with the alleged debtor that it was suffering damages as a result of the involuntary petitions, that the petitioning creditors claims were meritless and improperly before the court, and that there was no basis for asserting jurisdiction over the case, the Bankruptcy Court conducted a hearing two days after the involuntary petitions were filed and dismissed the case without prejudice. The United States District Court for the Northern District of Illinois affirmed the Bankruptcy Court's decision to conduct an emergency stating, "the motion was filed on an emergency basis, and it is clear that the normal notification requirements can be waived in such an instance. Also, every effort seems to have been made to notify Appellant of the proceedings. In any event, in light of the Appellant's absence, the bankruptcy court took the appropriate action by dismissing the matter, but ruling without prejudice so as to protect an absent party's rights."). *See also In re Loe*, 2007 WL 997581 (Bankr. S.D. Fla. March 29, 2007) (hearing held on an emergency basis and case dismissed three days after involuntary petition filed).

3. Robert J. and Lynne M. DeSalvo, of Arlington Heights, IL, "secured party creditors" in the amount of $2,000,000 based on "exemption."

4. Reynaldo D. Castillo, of Scottsdale, AZ, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

5. Alfred Lee Lamb and Gary C. Lamb, of Nephi, UT, "secured party creditors" in the amount of $1,000,000, based on "exemption."

6. David D. and Lorrie L. Cue, of Riverside, CA, "secured party creditors" in the amount of $1,000,000 based on "exemption."

7. Clinton George McFarlane, of Fontana, CA, a "secured party creditor" in the amount of $1,000,000, base on "exemption."

8. Myles and Kimberly M. Cue, of Riverside, CA, "secured party creditors" in the amount of $1,000,000, based on "exemption."

9. Linda D. Williams, of Corona, CA, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

10. Kenneth Scott Cousens, of Temecula, CA, a "trustee and secured party creditor" in the amount of $1,000,000, based on "exemption."

11. Derek R. Goulette, of Costa Mesa (no state listed), a "secured party creditor" in the amount of $1,000,000, based on "exemption."

12. Steven P. and Gloria Kelly, of Tinely Park, IL, "secured party creditors" in the amount of $2,000,000, based on "exemption."

13. Ryan D. and Sabrina Crotts, of Fairview, UT, "secured party creditors" in the amount of $1,000,000, based on "exemption."

14. Cynthia Canyon, of Santa Fe, NM, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

15. Ken and Carrie Gordon, of Acton, CA, "secured party creditors" in the amount of $1,000,000, based on "exemption."

16. James and Susan Taylor, of Spring Grove, IL, "secured party creditors" in the amount of $1,000,000, based on "exemption."

17. Jerry Lee Berneathy, of Escondido, CA, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

18. Fatana Deralas, of Corona, CA, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

19. Rupert Joseph, of Newport Beach, CA, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

20. Octaviana E. and Manuel R. Pichardo, of Santa Fe, NM, "secured party creditors" in the amount of $1,000,000, based on "exemption."

21. Raymond Coomer, of Riverside, CA, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

22. Jody Spehar, of Santa Fe, NM, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

23. Satu Immerman, of Santa Ana, CA, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

24. Nigel P. Rudlin, of Santa Fe, NM, a "secured party creditor" in the amount of $1,000,000, based on "exemption."

25. Michael Younessi, of Huntington Beach, CA, a "secured party creditor" in the amount of $5,000,000, based on "exemption."

The Court's records reflect a summons was issued the same date as the Involuntary Petition.

Bank of America's Answer and Motion to Dismiss deny the Petitioning Creditors are eligible to file the Involuntary Petition pursuant to 11 U.S.C. § 303(b), and assert any claims the Petitioning Creditors may have against Bank of America are contingent as to liability or are the subject of a bona fide dispute as to liability or amount. Further, Bank of America denies it can be a debtor in this case, and alleges the Involuntary Petition was brought in bad faith. Bank of America also argues because the Petitioning Creditors are ineligible to file the Involuntary Petition, and because Bank of America is ineligible to be a debtor, the Court lacks subject matter jurisdiction over the Involuntary Petition. For all these reasons, Bank of America seeks immediate dismissal of the Involuntary Petition. Petitioning Creditors oppose the requested dismissal on grounds discussed in greater detail below.

## DISCUSSION

**A.     Does the Court Have Jurisdiction?**

Federal courts have an independent obligation to evaluate their own jurisdiction, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction "at any stage in the litigation."[3] As noted by Bank of America, authority exists for the proposition that the ineligibility of a debtor deprives the bankruptcy court of subject-matter jurisdiction over an involuntary petition, and provides a basis for dismissal for lack of jurisdiction.[4] However, other authority suggests § 109 is not jurisdictional in nature.[5] In this case, because the Court finds dismissal warranted on other grounds, it need not address this apparent conflict between sister courts on this issue.

**B.     Petitioning Creditors' Eligibility to File Involuntary Petition.**

Section 303(b) of the Bankruptcy Code provides:

(b)   An involuntary case against a person is commenced by the filing with the bankruptcy court of a Involuntary Petition under chapter 7 or 11 of this title--

> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $14,425 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims.[6]

The Tenth Circuit Court of Appeals has addressed involuntary petitions under § 303 in the case of *Bartmann v. Maverick Tube Corp.*[7] The Tenth Circuit began its analysis by noting, "courts should carefully scrutinize the creditors' filing of the involuntary petition because 'the

---

[3] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

[4] *See In re Calloway*, 70 B.R. 175 (Bankr. N.D. Ind. 1986).

[5] *Cf. Hamilton Creek Metro. Dist. v. Bondholders Colo. Bondshares*, 143 F.3d 1381, 1385 n.2 (10th Cir. 1998) (citing *Promenade Nat'l Bank v. Phillips*, 844 F.2d 230, 235-36, 236 n.2. (5th Cir. 1988) (section 109(c) uses the term eligibility rather than jurisdiction) and 2 Lawrence P. King *et al.*, *Collier on Bankruptcy* ¶ 109.01(2) (1998)).

[6] 11 U.S.C. § 303(b)(1). Unless otherwise noted, all further statutory references in the text are to Title 11 of the United States Code.

[7] *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540 (10th Cir. 1988).

filing of an involuntary petition is an extreme remedy with serious consequences to the alleged debtor, such as loss of credit standing, inability to transfer assets and carry on business affairs, and public embarrassment.'"[8] The Tenth Circuit went on to state:

> For creditors to successfully petition for involuntary bankruptcy, the bankruptcy court must determine that the creditors have standing and that the debtor generally has not been paying his debts as they become due. *In re Johnston Hawks, Ltd.*, 49 B.R. 823, 828 (Bankr. D. Hawaii 1985). Pursuant to 11 U.S.C. § 303(b)(1), a petitioning creditor does not have standing when its debt is subject to a bona fide dispute. *See In re Nordbrock*, 772 F.2d 397, 399 (8th Cir. 1985) (stating that the policy underlying the "bona fide dispute" exception is to prevent creditors from using the bankruptcy courts as means of collecting disputed claims).[9]

Thus, before an order for relief could be entered in this case, the Court must first find the Petitioning Creditors have standing under § 303(b). In other words, the Court must find they are eligible to bring the Involuntary Petition.

Here, the Involuntary Petition is accompanied by no documentation of the alleged claims of the Petitioning Creditors, nor any written explanation as to the basis for the asserted claims.[10] In their response and at the hearing, the Petitioning Creditors argue the Emergency Banking Act of 1933 served to dissolve the government of the United States and cause it to become bankrupt. Accordingly, they contend the people of the United States are the providers of underwriting credit in every transaction involving the creation of new public funds, and so are the providers of underwriting credit for funds created by promissory notes used in the creation of mortgages and other activities undertaken by Bank of America. Therefore, the Petitioning Creditors assert they are the owners of the promissory notes relating to mortgage transactions entered into by Bank of America and are secured creditors of that entity. Further, it appears that use of the word "exemption" in the involuntary petition was not used as such term is interpreted in the bankruptcy context, but rather refers to the "government of the people" theory expounded by the Petitioning Creditors.

Section 101(10) of the Bankruptcy Code provides:

---

[8] *Id.*, 853 F.2d at 1543 (quoting *In re Reid*, 773 F.2d 945 (7th Cir. 1985)).

[9] *Id.*, 853 F.2d at 1543-1544.

[10] Bank of America states its preliminary research indicates it has banking relationships with some but not all of the Petitioning Creditors. Specifically, Bank of America believes some number of the Petitioning Creditors appear to be—or to have been—borrowers under mortgage loans serviced by Bank of America. Bank of America alleges its records show certain of the Petitioning Creditors either were the subject of foreclosure proceedings, or were debtors in bankruptcy, while other Petitioning Creditors do not appear to have any commercial relationship at all with Bank of America.

>(10) The term "creditor" means--
>
>>(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
>>
>>(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or
>>
>>(C) entity that has a community claim.

"Claim" in turn is defined as:

>(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
>(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. [11]

Other than the "government of the people" theory expressed by the Petitioning Creditors, in neither the hearing, nor in any pleading, was any evidence of the existence of any "claim" presented or suggested by them as would fall within the definition set forth by the Bankruptcy Code. The Court also questions whether the "exemption" as suggested in the involuntary petition falls within the statutory definition of a claim. Thus, on its face, there is a serious question in the Court's mind whether the Petitioning Creditors are truly creditors of Bank of America sufficient to grant them standing to bring the present bankruptcy filing.

>But being a creditor is only one part of the required analysis. In order to have standing to bring an involuntary petition, the claims cannot be "subject to a bona fide dispute as to liability and amount."[12] In light of the unique basis for the asserted claims, the Court cannot help but conclude there is presently or will be a dispute about the validity of the same. This Court is unaware of any caselaw supporting the theory expressed by the Petitioning Creditors and while not considering the validity of such a theory, it therefore concludes any dispute into the claims validity would be bona fide. Thus, the Petitioning Creditors are not eligible to file the

---

[11] 11 U.S.C. §101(5).

[12] *See In re Risby*, 2008 WL 116701, at *2 (Bankr. E.D. Ark. 2008) (citing *In re United States of America, et. al.*, 2006 WL 2346467, at *2 (Bankr. M.D. Fla. June 1, 2006).

Involuntary Petition under § 303(b), and have thus failed to demonstrate they have standing to file the Involuntary Petition, warranting dismissal of the matter.

**C.     Bank of America's Eligibility To Be a Debtor.**

An equally important question is whether Bank of America may be a Debtor under Chapter 11 of the Bankruptcy Code.[13] The determination of that question requires evaluation of §109 and § 303 of the Bankruptcy Code.

First, § 303(a) of the Bankruptcy Code provides:

(a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.[14]

Second, § 109(d) defines who may be a debtor under Chapter 11. This provision reads in pertinent part:

(d) Only a railroad, [or] a person that may be a debtor under chapter 7 of this title . . . may be a debtor under chapter 11 of this title.[15]

It is critical to note § 109(b) provides: "A person may be a debtor under chapter 7 only if such person is not … a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association. . . ." Since there is no allegation Bank of America is a railroad or an uninsured State member bank and the Court accepts Bank of America's representation that it is a "bank" for purposes of § 109(b)(2) (which was not disputed by the Petitioning Creditors in any pleading, nor at the hearing), this Court concludes Bank of America is therefore ineligible to be a debtor under either Chapter 11 or Chapter 7.

---

[13] *In re Secured Equipment Trust of Eastern Airlines, Inc.*, 153 B.R. 409, 412 (S.D.N.Y.1993) ("The parties filing an involuntary Involuntary Petition have the ultimate burden to establish that this Court has jurisdiction because the alleged debtor is an eligible debtor under the Code."); *In re Colo. Indus. Bank of Fort Collins*, 84 B.R. 735, 737 (Bankr. D. Colo. 1988) ("The determination of the Court's jurisdiction over the debtor revolves around the construction of the highlighted language of Section 109(b)(2).")

[14] 11 U.S.C. § 303(a).

[15] 11 U.S.C. § 109(d).

**D.     Was the Involuntary Petition Filed in Bad Faith?**

As noted above, the Involuntary Petition contains assertions of undocumented claims based on "exemption."  Although the term "exemption" has a meaning in the context of bankruptcy, it has nothing whatsoever to do with the assertion of a claim.  The Petitioning Creditors also fail to provide any documentation as to why they consider themselves "secured party creditors."  Such circumstances raise questions as to the propriety of the filing of the Involuntary Petition, but do not provide conclusive proof of bad faith.  Moreover, for the reasons set forth above, this case must be dismissed on other grounds, and the Court need not address the bad faith issue at this time.  Such an inquiry may be relevant should a motion under § 303(i)(1) be filed.

**E.     Additional Summonses.**

In addition to the Involuntary Petition, the Court's records reflect additional summonses were issued with respect to the following:

1. ReconTrust

2. Recon Trust Company

3. BAC Home Loan Servicing

4. Greenwich Capital Acceptance

5. Greenwich Financial Products, In. [sic]

6. Greenwich Capital Holding, Inc.

7. Mortgage Electronic Registration System

8. Federal Deposit Insurance Corporation

9. Castle, Meinhold & Stawiarski, LLC

10. Harbor View Mortgage, Loan Trust-2009-16

11. America's Wholesale Lender

Although these summonses state an involuntary petition has been filed with respect to the named parties, no such petitions or other pleadings have been filed and no evidence was

presented that they are agents or affiliates of the Bank of America. Accordingly, no case, claim, or other matter exists to which the summonses can pertain, and they are hereby stricken.

       For these reasons, the Court:

       FINDS the Petitioning Creditors are ineligible to bring the Involuntary Petition, and

       FURTHER FINDS Bank of America may not be a debtor in a case under Chapter 11 or Chapter 7 of the Bankruptcy Code.

       IT IS THEREFORE ORDERED the above-captioned case is dismissed.

       IT IS FURTHER ORDERED Bank of America may, on or before July 8, 2011 file a motion requesting the an award of costs, fees, or damages under § 303(i)(1).

Dated: June 21, 2011.

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge